■ ALFRED GALLO, Respondent, v SWAN OPTICAL CORPORATION et al., Appellants.—In an action to recover moneys due under a "consulting agreement", defendants appeal from (1) an order of the Supreme Court, Nassau County, entered October 11, 1979, which granted plaintiff's motion for summary judgment against Swan Optical Corporation and Allan Glassman, individually, and (2) the judgment entered thereon on October 19, 1979. Appeal from the order dismissed (see *Matter of Aho*, 39 NY2d 241, 248). Judgment modified, on the law, by deleting so much thereof as is against defendant Allan Glassman, and substituting therefor a provision granting summary judgment in favor of said defendant, without prejudice to plaintiff's bringing another action against him not based on the contract. As so modified, judgment affirmed. The order is modified accordingly. Plaintiff is awarded one bill of $50 costs and disbursements payable by Swan Optical Corporation. Pursuant to a contract executed by plaintiff and defendant Swan Optical Corporation, plaintiff agreed to consult with and advise Swan with respect to all phases of its operations, "upon request of" Swan. The contract contained a clause pursuant to subdivision 1 of section 15-301 of the General Obligations Law prohibiting oral modification. Defendant Allan Glassman was not mentioned in that agreement, and signed the agreement only in his capacity as president of Swan. On or about February 1, 1978, plaintiff and Glassman stopped communicating with each other, and Swan stopped paying plaintiff pursuant to the agreement. Plaintiff commenced the instant action for salary allegedly due on the contract. Swan and Glassman alleged that plaintiff failed to perform his obligations under the contract. They admitted that plaintiff was not requested to perform consulting services after January 1, 1978, but asserted that plaintiff's prior practice of initiating contact with Glassman, and furnishing defendants with unsolicited written information, constituted an "executed and binding oral modification and/or waiver of the contract provision" which originally required plaintiff to furnish consulting services only "upon request of" Swan. Defendants' contention that plaintiff breached the contract is clearly without merit. Defendants fail to allege that there was an actual oral *agreement* to modify the contract. Even if an oral agreement were alleged, such modification would be invalid (see General Obligations Law, § 15-301, subd 1) unless fully performed, or if only partially performed, if the partial performance was "unequivocally referable to the oral modification" (see *Rose v Spa Realty Assoc.*, 42 NY2d 338, 344). However, there is no basis in the record for adjudicating Allan Glassman, individually, liable on the contract, as he was not, in his individual capacity, a party thereto. Therefore, we vacate the judgment as to him and grant summary judgment in his favor, without prejudice to plaintiff's bringing another action against Glassman not based on the contract in question. Hopkins, J. P., Lazer, Cohalan and Weinstein, JJ., concur.